AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                    **ORDER OF DETENTION PENDING TRIAL**

DONALD MILTON STEELE           Case Number: 10-mj-8034-01-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 26, 2010                    s/ David J. Waxse
                                            *Signature of Judicial Officer*

                                            DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                            *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Donald Milton Steele
Criminal Action 10-mj-8034-01-DJW

# Part II - Written Statement of Reasons for Detention

The statute in question is 18 U.S.C. §3142(g), and it has a series of factors that I have to consider in determining whether there are conditions of release that will assure your appearance as well as the safety of any other person in the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a controlled substance. Clearly it involves a controlled substance, so that is a negative factor.

The next factor is the weight of the evidence. A probable cause standard has clearly been met in this case.

The next factor is your personal characteristics, which includes physical and mental condition. It appears that there are some physical problems.

Family ties are positive.

The next factor is employment. It appears that employment is either available or has been held.

The next factor is financial resources. There is no indication that defendant has substantial resources that will enable him to flee.

Length of residence in the community is positive.

Community ties are positive.

Past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, is a problem. The criminal record is extensive and involves several instances of failure to appear. There are also indications from the testimony of failures to appear for substantial periods of time on some of the cases.

The next factor is whether at the time of the current offense or arrest the person was probation, parole, or other release. It does not appear that defendant was on release, or probation, or parole.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by the person's release.

Taking all these factors and the recommendations of Pretrial Services into consideration, I do not find that there are conditions that can be set. The risk of flight is too great when someone has been an absconder on other cases, has used various identifications at various times, and faces the potential penalty in this case. There are no conditions of release that I think would work, so the defendant will remain detained.