IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                             Case No. 10-20037-01-JWL
                                                                      14-2512-JWL

**Don Milton Steele,**

      **Defendant.**

## MEMORANDUM & ORDER

This case stems from an undercover investigation of a "small time criminal ring" operated by defendant Don Steele and Randy J. Dyke. *See United States v. Dyke*, 718 F.3d 1282, 1284 (10th Cir. 2013). The government began its investigation into Mr. Steele and Mr. Dyke's activities after Kelly Findley, a cooperating individual hoping to receive some consideration in his own case, introduced Detective Brian Clemmons (acting undercover) to Mr. Steele and Mr. Dyke at Mr. Steele's residence in Lawrence, Kansas. Mr. Steele's residence was known as "the Farm" and the vast majority of undercover operations that occurred between November 2009 and February 2010 occurred at the Farm. Ultimately, undercover agents convinced Mr. Steele and Mr. Dyke to expand their operations from "forging checks, peddling pills, and selling marijuana" to counterfeiting currency and manufacturing methamphetamine. *See id*.

In July 2011, a jury rejected Mr. Steele's entrapment defense and convicted Mr. Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. In large part, this court rejected Mr. Steele's subsequent motion for

judgment notwithstanding the verdict or, in the alternative, for a new trial and sentenced Mr. Steele to a total term of 300 months imprisonment.[1]  This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b).[2]  The Tenth Circuit affirmed Mr. Steele's conviction and the enhancement of his sentence.  *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013).

This matter is now before the court on Mr. Steele's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 328).  In his § 2255 motion, Mr. Steele contends that his lawyer rendered constitutionally deficient representation that prejudiced Mr. Steele in various respects; that the government had an improper motive in filing the § 851 information; and that he was entitled under *Alleyne* to have the jury determine whether he had a prior felony drug conviction for purposes of the sentencing enhancement.  As will be explained, the court denies each of Mr. Steele's § 2255 claims and denies Mr. Steele's request for an evidentiary hearing,

In his motion, Mr. Steele asserts one claim of government misconduct and several claims of ineffective assistance of counsel.  Mr. Steele also makes an additional claim of cumulative error.  "To establish ineffective assistance of counsel, a defendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance."  *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012)

---

[1] The court vacated Mr. Steele's convictions for aggravated identity theft after concluding that the jury instructions for those counts omitted a necessary element.

[2] To trigger the prior-conviction sentencing enhancement, the government filed, prior to trial, an information giving notice of its intent to rely upon the prior conviction, as required by 21 U.S.C. § 851(a).

(quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).   Applying this standard to Mr. Steele's claims, the court rejects each of those claims without the need for an evidentiary hearing.

**Failure to Present Evidence of Alleged Firearm Ruse**

In his first claim for relief, Mr. Steele contends that the firearm that he provided to Detective Clemmons was clearly not in furtherance of a drug trafficking crime because Detective Clemmons told Mr. Steele that he needed the firearm for a "domestic situation" involving a "violent suitor for his wife's attention."   Mr. Steele claims both that the government "withheld" this evidence from Mr. Steele's trial counsel and that Mr. Steele's trial counsel failed to present those facts to the jury.   At trial, an audio recording of a conversation between Detective Clemmons and Mr. Steele was played for the jury.   That recording, as further explained by Detective Clemmons at trial, reflected that Mr. Clemmons and Mr. Steele discussed that the (fictitious) methamphetamine cook had requested a firearm as payment for pseudoephedrine pills that the cook needed to buy for the manufacturing of methamphetamine. The audio recording does not reflect any discussion or mention concerning Detective Clemmons' purported need for a firearm relating to his marriage.

While the court recognizes that the audio recording does not necessarily preclude the version of events proffered by Mr. Steele, his claim fails for other reasons.   First, Mr. Steele's allegation that the government withheld these facts from his trial counsel necessarily fails because Mr. Steele, in the same breath, alleges that he had personal knowledge of these facts from his discussion with Detective Clemmons.   Even assuming, then, that the government failed

to disclose the facts surrounding the firearm ruse to Mr. Steele's counsel, that failure could not have prejudiced Mr. Steele in any respect because he asserts that he had first-hand knowledge of those facts and could have relayed those facts to his counsel.[3]  Second, while it is true that Mr. Steele's counsel failed to present these facts to the jury, Mr. Steele does not assert that he provided those facts to his counsel.  Trial counsel's performance can hardly be deemed deficient for failure to present facts to the jury that his client has not shared with him in the first instance.  This claim is denied.

**Failure to Object to § 851 Sentencing Enhancement**

Mr. Steele next asserts that his counsel provided constitutionally deficient performance by failing to object to the § 851 sentencing enhancement.  According to Mr. Steele, his counsel failed to raise two specific objections to the sentencing enhancement.  First, he contends that his counsel failed to argue that Mr. Steele's prior felony conviction was not a qualifying predicate conviction for purposes of the enhancement because it was long ago expunged as a matter of state law.  This argument is clearly contradicted by the record, which demonstrates that trial counsel thoroughly raised this issue before this court prior to sentencing and that appellate counsel raised the issue again on appeal.  *See* Dkt. 253.  Because the Tenth Circuit ultimately rejected the argument, no prejudice can be shown in any event.

Second, Mr. Steele contends that his trial counsel should have argued that his present conviction under § 841(a) was somehow insufficient to warrant an enhancement under § 851

---

[3] Mr. Steele's claim that the government wrongfully withheld evidence is also rejected as it was not presented on direct appeal and he has not demonstrated cause excusing his procedural default.  *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012).

because Mr. Steele was the victim of outrageous government conduct or entrapment such that the government rather than Mr. Steele was responsible for distributing or possessing the drugs at issue in the case. While it is true that Mr. Steele's trial counsel did not raise this objection to the enhancement, no prejudice can be shown because the court would have overruled that objection in light of the jury's verdict rejecting Mr. Steele's entrapment defense and finding Mr. Steele guilty of the elements of § 841(a).

**Failure to Investigate Government's Motive**

For his third claim, Mr. Steele asserts that his trial counsel provided constitutionally deficient performance by failing to investigate and present to the jury evidence that a local codes enforcement officer in Lawrence, Kansas was pursuing a vendetta against Mr. Steele and persuaded law enforcement officers to initiate the "setup" of Mr. Steele in an effort to seize Mr. Steele's land for the development of a highway project. According to Mr. Steele, had the jury been advised of the motivation behind the government's conduct in this case, it would have acquitted Mr. Steele on all counts. The court denies this claim.

Mr. Steele's trial counsel has filed an affidavit detailing his comprehensive investigation of Mr. Steele's theory concerning the codes enforcement officer. According to trial counsel, counsel interviewed both the lead agent and the undercover agent in the case. Both agents explained to counsel that the case against Mr. Steele was initiated not because of a codes enforcement officer or any vendetta against Mr. Steele but because an informant found himself in legal trouble and offered to cooperate against Mr. Steele in exchange for leniency in his own case. According to counsel, the informant's attorney confirmed that the case against Mr. Steele

originated because of the informant. Moreover, trial counsel avers that he sent an investigator to interview the codes enforcement officer, who was cooperative and wholly denied taking steps to initiate the criminal investigation of Mr. Steele. Trial counsel further avers that he consulted a psychologist regarding Mr. Steele's theory vis-à-vis his perception of the world around him and that the clinical conclusions of that psychologist further contributed to counsel's decision not to raise this defense at trial through outside witnesses. According to trial counsel, he advised Mr. Steele that he could testify at trial and raise the "highway" defense, but that counsel believed that presenting the theory to the jury would be detrimental to Mr. Steele. Trial counsel avers that Mr. Steele reluctantly agreed—but agreed in any case—to accept trial counsel's tactical decision not to raise this particular theory.

Mr. Steele offers no evidence to contradict trial counsel's affidavit—he simply insists that the case against him was initiated by the codes enforcement officer. He further complains that his counsel never investigated the relationship between the codes enforcement officer and members of the undercover team—but trial counsel's affidavit clearly demonstrates that counsel did investigate a possible connection and, based on his investigation, concluded that no connection existed between the undercover team's decision to investigate Mr. Steele's criminal activities and the codes enforcement officer's desire to seize Mr. Steele's property for a highway project. In any event, Mr. Steele has not adequately explained how evidence of the government's purported motivation behind its investigation of Mr. Steele would have had any effect on the outcome of the proceeding. *See United States v. VanDeMerwe*, 527 Fed. Appx. 745, 747 (10th Cir. 2013). Even assuming that the codes enforcement officer persuaded local law enforcement to begin an investigation of Mr. Steele, the fact remains that the government, at

trial, came forward with overwhelming evidence that Mr. Steele engaged in drug trafficking activities and other crimes. There is no reason to believe that the jury would have ignored this evidence even if they believed that the investigation was initiated because the codes enforcement officer was pursuing a vendetta against Mr. Steele.

**Cumulative Error**

Lastly, Mr. Steele makes a claim of cumulative error in connection with the errors allegedly made by his counsel. A cumulative error analysis aggregates any errors that individually have been found to be harmless and analyzes whether their cumulative effect on the outcome of trial is such that collectively that can no longer be determined to be harmless. *Wilson v. Sirmons*, 536 F.3d 1064, 1122 (10th Cir. 2008). Because the court has found no merit to any of the issues raised by Mr. Steele, there is no basis for applying a cumulative error analysis. *United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010).[4]

**Government's Improper Motive in Filing § 851 Information**

According to Mr. Steele, the government advised him that it would withdraw the § 851 information if he would agree to plead guilty to the charges and to waive his right to appeal.

---

[4] Mr. Steele further contends in conclusory fashion that his trial counsel was "predisposed to lose" and failed to mount a vigorous defense. The court is intimately familiar with all phases of this case and is confident that Mr. Steele's trial counsel mounted a highly competent and vigorous defense on Mr. Steele's behalf. Indeed, even the most cursory review of the motion practice engaged in by trial counsel throughout the case supports this conclusion. In any event, the only specific example that Mr. Steele offers in support of his claim that his counsel was "predisposed to lose" is that his counsel advised him to accept the government's 15-year plea deal. In light of the jury's verdict, it can hardly be disputed that this advice was sound.

Mr. Steele, then, contends that the filing of the § 851 information was based on an improper motive—to intimidate or coerce Mr. Steele into waiving his right to a jury trial. This argument is rejected. Given Mr. Steele's prior felony drug conviction, the government had a firm statutory basis to seek the sentencing enhancement and it was well within the government's prerogative to file the information. *See United States v. Margheim*, 770 F.3d 1312, 1327 (10th Cir. 2014) (rejecting claim that it was "improper" for government to suggest that it would not file a § 851 information if the defendant agreed to plead guilty). In these circumstances, and because plea agreements function as an "essential part" of the criminal justice process, it was not improper for the government to suggest that it would withdraw the information if Mr. Steele agreed to plead guilty. *See id.* (no "underhanded tactics" where government suggested it would not file information in exchange for guilty plea).

## *Alleyne* Arguments

Finally, Mr. Steele argues that he was entitled under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), to have the jury determine whether he had a prior felony drug conviction and that his appellate counsel was ineffective for failing to raise the *Alleyne* issue in Mr. Steele's petition for rehearing before the Circuit. These claims are denied, as the Supreme Court has held that a prior conviction need not be submitted to the jury and the *Alleyne* Court left this holding in place. *United States v. Stanley*, 550 Fed. Appx. 588, 591 (10th Cir. 2013) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *Alleyne*, 133 S. Ct. at 2160).

## **Certificate of Appealability**

8

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  With respect to the claims dismissed above, for the same reasons stated, Mr. Steele has not made a substantial showing of the denial of a constitutional right; the court therefore denies a certificate of appealability with respect to those issues.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's motion to vacate under 28 U.S.C. § 2255 (doc. 328) is denied and the court denies a certificate of appealability on those claims.

**IT IS SO ORDERED.**

Dated this 6th day of April, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge