# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                              Case No. 10-20037-01-JWL

**Don Milton Steele,**

        **Defendant.**

## MEMORANDUM & ORDER

In July 2011, a jury convicted defendant Don Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. Ultimately, the court sentenced Mr. Steele to a total term of 300 months imprisonment. This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b).[1] The sentence also included a mandatory consecutive term of 60 months on the firearm charge. The Tenth Circuit affirmed Mr. Steele's conviction and the enhancement of his sentence. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013).

This matter is before the court on Mr. Steele's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Steele asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines. The motion is dismissed

---

[1] To trigger the prior-conviction sentencing enhancement, the government filed, prior to trial, an information giving notice of its intent to rely upon the prior conviction, as required by 21 U.S.C. § 851(a).

as the court lacks the authority to revise Mr. Steele's sentence based on Amendment 782. Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, 564 U.S. 522, 526 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Mr. Steele's sentence in this case was not "based on a sentencing range" but, instead, was based on a mandatory statutory minimum under 21 U.S.C. § § 841(b)(1)(A). The court, then, has no jurisdiction to reduce Mr. Steele's sentence. Because Mr. Steele remains subject to the mandatory minimum sentence of 240 months regardless of the application of Amendment 782, a reduction under § 3582(c)(2) is not authorized and Amendment 782 affords no relief to Mr. Steele. *See United States v. Lubio*, 697 Fed. Appx. 591, 592 (10th Cir. Sept. 5, 2017) (if a defendant is sentenced pursuant to a statutory mandatory minimum sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 409) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 19th day of January, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge