# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                            Case No. 10-20037-01-JWL

**Don Milton Steele,**

    **Defendant.**

## MEMORANDUM & ORDER

In July 2011, a jury convicted defendant Don Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. Ultimately, the court sentenced Mr. Steele to a total term of 300 months imprisonment. This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b).[1] The sentence also included a mandatory consecutive term of 60 months on the firearm charge. The Tenth Circuit affirmed Mr. Steele's conviction and the enhancement of his sentence. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013). The court later denied Mr. Steele's 28 U.S.C. § 2255 motion and the Circuit denied Mr. Steele a certificate of appealability.

In February 2018, Mr. Steele filed a motion for relief from judgment (doc. 411) pursuant to Rule 60(b)(2) and Rule 60(b)(6) arguing that newly discovered evidence and recent case law

---

[1] To trigger the prior-conviction sentencing enhancement, the government filed, prior to trial, an information giving notice of its intent to rely upon the prior conviction, as required by 21 U.S.C. § 851(a).

requires the court to vacate Mr. Steele's sentence and to resentence Mr. Steele. The court ordered the government to respond to the motion and, after receiving an extension of time, the government, in April 2018, filed a response to the motion as well as a motion to dismiss Mr. Steele's motion for lack of jurisdiction (doc. 417). The court then ordered Mr. Steele to respond to the government's motion to dismiss. On June 1, 2018, Mr. Steele filed his reply to the government's response to his motion for relief from judgment (which is ripe for resolution). At the same time, Mr. Steele filed a motion seeking an extension of time to respond to the government's motion to dismiss and asking the court to issue a restraining order preventing prison staff from destroying Mr. Steele's legal documents and requiring prison staff to release all legal documents to him so that he can prepare a response to the government's motion (doc. 421).

Mr. Steele's motion is granted to the extent he requests an extension of time to respond to the government's motion to dismiss, but is dismissed to the extent he requests a restraining order directed at prison staff. Mr. Steele has an obligation to inform the court of the basis for the court's jurisdiction with respect to his request for a restraining order and he has not done so. *See United States v. Woods*, 2016 WL 3457754, at *2 (10th Cir. June 21, 2016). While Mr. Steele refers the court to Federal Rule of Civil Procedure 65, that rule speaks to restraining orders issued against "adverse parties." Neither the Warden nor any member of the prison staff is a party in this case. In short, because Mr. Steele has not articulated how the court is authorized to order nonparties to release files to Mr. Steele or to preserve files for Mr. Steele, this aspect of the motion is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's motion for an extension of time to file response and motion for restraining order (doc. 421) is granted in part and dismissed in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Steele shall file his response to the government's motion to dismiss no later **than Friday, July 6, 2018.** The government may then file a reply to that response within the time provided in this court's local rules.

**IT IS SO ORDERED.**

Dated this 5th day of June, 2018, at Kansas City, Kansas.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge