# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                    Case No. 10-20037-01-JWL

Don Milton Steele,

        Defendant.

## <u>MEMORANDUM & ORDER</u>

In July 2011, a jury convicted defendant Don Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. Ultimately, the court sentenced Mr. Steele to a total term of 300 months imprisonment. This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b).[1] The sentence also included a mandatory consecutive term of 60 months on the firearm charge. The Tenth Circuit affirmed Mr. Steele's conviction and the enhancement of his sentence. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013). The court later denied Mr. Steele's 28 U.S.C. § 2255 motion and the Circuit denied Mr. Steele a certificate of appealability.

This matter is presently before the court on two motions. Mr. Steele has filed a motion for relief from judgment (doc. 411) pursuant to Rule 60(b)(2) and/or Rule 60(b)(6) arguing that

---

[1] To trigger the prior-conviction sentencing enhancement, the government filed, prior to trial, an information giving notice of its intent to rely upon the prior conviction, as required by 21 U.S.C. § 851(a).

newly discovered evidence and recent case law requires the court to vacate Mr. Steele's sentence and to resentence Mr. Steele. The government then filed a motion to dismiss Mr. Steele's motion for lack of jurisdiction (doc. 417). As will be explained, the government's motion is granted and Mr. Steele's motion is dismissed for lack of jurisdiction.

The court lacks jurisdiction to consider the claims asserted by Mr. Steele. A Rule 60(b) motion must be construed as a successive § 2255 petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Conversely, it is a "true" Rule 60(b) motion if it either "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–1216 (citations omitted). Because Mr. Steele's motion unquestionably attacks the validity of his conviction, as opposed to asserting a defect in the integrity of the habeas proceeding, the motion is subject to authorization under § 2255(h). *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) ("[A] Rule 60(b) motion that seeks to revisit the federal court's denial of the merits of a claim for relief should be treated as a successive habeas petition."); *United States v. Baker*, 718 F.3d 1204, 1207–08 (10th Cir. 2013); *United States v. Medina*, 510 Fed. Appx. 749, 751 (10th Cir. Feb. 12, 2013) (where Rule 60(b) motion attacked underlying conviction, it was appropriately deemed a successive motion).

To proceed on his successive motion, Mr. Steele must first obtain authorization from the Tenth Circuit. *See* 28 U.S.C. § 2255(h). Mr. Steele has not done so and, as a result, this court

lacks jurisdiction to entertain the motion filed by him. The court, then, grants the government's motion and dismisses Mr. Steele's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's motion for relief from judgment (doc. 411) is dismissed and the government's motion to dismiss (doc. 417) is granted.

**IT IS SO ORDERED.**

Dated this13th  day of August, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge