# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

  **Plaintiff,**

v.                 Case No. 10-20037-01-JWL
                     14-2512-JWL

**Don Milton Steele,**

  **Defendant.**

## MEMORANDUM & ORDER

In July 2011, a jury convicted defendant Don Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. Ultimately, the court sentenced Mr. Steele to a total term of 300 months imprisonment. This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b).[1] The sentence also included a mandatory consecutive term of 60 months on the firearm charge. The Tenth Circuit affirmed Mr. Steele's conviction and the enhancement of his sentence. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013).

This matter is before the court on Mr. Steele's pro se motion for order (doc. 448) in which he seeks, among other relief, the appointment of counsel to represent him in connection with a

---

[1] To trigger the prior-conviction sentencing enhancement, the government filed, prior to trial, an information giving notice of its intent to rely upon the prior conviction, as required by 21 U.S.C. § 851(a).

potential post-conviction Sixth Amendment claim stemming from the video and audio recordings of attorney-client meetings and/or phone calls of some defendants who were held in custody at CCA-Leavenworth.

The Honorable Julie A. Robinson has appointed the Office of the Federal Public Defender to represent any defendant from the District of Kansas who may have a post-conviction Sixth Amendment claim based on the recording of in-person attorney-client meetings or attorney-client phone calls by any holding facility housing federal detainees within the District. *See* Standing Order No. 18-3. Mr. Steele, then, is entitled to have the Federal Public Defender represent him to determine whether Mr. Steele might have a Sixth Amendment claim for relief under the limited circumstances described in Judge Robinson's Standing Order No. 18-3. In light of these circumstances, the court believes that the most efficient way to resolve the motion filed by Mr. Steele is to forward Mr. Steele's motion (along with a copy of this order) to the Office of the Federal Public Defender for further review. The Federal Public Defender shall file a motion on Mr. Steele's behalf, or whatever alternative pleading it deems appropriate, on or before February 8, 2019. In the meantime, the court will grant Mr. Steele's motion to the extent Mr. Steele seeks the appointment of counsel and will deny the balance of the motion without prejudice to refiling the motion on or before February 8, 2019.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's motion for order (doc. 448) is granted to the extent he seeks the appointment of counsel and is otherwise denied without prejudice to refiling the motion on or before February 8, 2019.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Federal Public Defender shall file a motion on Mr. Steele's behalf or other appropriate pleading no later than February 8, 2019. The court will establish any other filing deadlines at that juncture.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court shall forward to the Office of the Federal Public Defender a copy of this order along with a copy of Mr. Steele's pro se motion for order.

**IT IS SO ORDERED.**

Dated this 9th day of January, 2019, at Kansas City, Kansas.

s/John W. Lungstrum
John W. Lungstrum
United States District Judge