## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                          **Case No. 10-20037-01-JWL**

**Don Milton Steele,**

       **Defendant.**

### MEMORANDUM & ORDER

In July 2011, a jury convicted defendant Don Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. Ultimately, the court sentenced Mr. Steele to a total term of 300 months imprisonment. This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b).[1] The sentence also included a mandatory consecutive term of 60 months on the firearm charge. The Tenth Circuit affirmed Mr. Steele's conviction and the enhancement of his sentence. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013). The court later denied Mr. Steele's 28 U.S.C. § 2255 motion and the Circuit denied Mr. Steele a certificate of appealability.

This matter is now before the court on several pro se motions filed by Mr. Steele: a Motion to Show Cause Under Rule 41(g) for Return of Property (doc. 454); a "Petition for Writ

---

[1] To trigger the prior-conviction sentencing enhancement, the government filed, prior to trial, an information giving notice of its intent to rely upon the prior conviction, as required by 21 U.S.C. § 851(a).

of Audita Querela under 28 U.S.C. § 1651 and All Writs Act" (doc. 459); a "Request for Preliminary Injunction and/or Restraining Order under Rule 65(b)(1)" (doc. 462); and a motion for discovery (doc. 464).

In his Rule 41(g) motion, Mr. Steele asserts two distinct arguments. One argument is that he is entitled to new forfeiture proceedings because his property was forfeited without actual notice to Mr. Steele and without an opportunity for Mr. Steele to contest the forfeiture, because the government failed to prove the property was obtained from unlawful means and because the government failed to consider whether Mr. Steele's wife was entitled to lawful possession of the property. The second argument raised in Mr. Steele's motion is that his 6th Amendment right was violated during the time that he was incarcerated at CCA Leavenworth Detention Center. Mr. Steele alleges that his in-person meetings and telephone calls with his attorney were recorded by CCA and that those recordings were shared with the government. By way of background, in May 2016, an Indictment was returned charging Lorenzo Black and others (the "*Black* case") with conspiracy to distribute controlled substances inside the Leavenworth Detention Center, operated at the time by Corrections Corporation of America ("CCA"). On August 5, 2016, the Federal Public Defender ("FPD") filed a Rule 41(g) motion for Return of Information based on information and belief that the government was in possession of video recordings of the attorney-client meeting rooms at CCA, which the FPD alleged intruded into privileged, confidential communications of attorneys and clients housed at CCA. The Rule 41(g) motion was later amended to include audio telephone recordings. The *Black* defendants joined the motion and defendants across this District filed similar motions in their respective cases. Mr. Steele's motion, then, stems from the Sixth Amendment allegations asserted in the *Black*

case.[2]  His motion for discovery seeks all video and audio recordings of communications between himself and his attorney while he was incarcerated at CCA; log books of all phone calls between Mr. Steele and his attorney; other material relating to the allegations in the *Black* case; a copy of the search warrant and  affidavit concerning the property seized and forfeited; and a copy of all property forfeited.

Those portions of Mr. Steele's Rule 41(g) and discovery motions concerning the forfeiture proceedings are denied.  The superseding indictment in this case contained a forfeiture allegation concerning the firearms and the judgment entered by the court included the forfeiture of the firearms to the government.  A criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all. *See United States v. Grigsby*, 579 Fed. Appx. 680, 687 (10th Cir. 2014) (citing *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007)). Thus, Mr. Steele's interest in the firearms was resolved through the jury's verdict, the preliminary order of forfeiture and the judgment of conviction.  *See Young*, 489 F.3d at 315.  His motion, then, is simply a belated challenge to a criminal forfeiture that could have been challenged on direct appeal and this court cannot address those challenges at this juncture.  *Id*.; *see United States v. McNee*, 2014 WL 4278845, at *2 (D. Utah Aug. 29, 2014) (denying Rule 41(g) motion challenging criminal forfeiture; motion was a challenge to the forfeiture order itself and should have been raised on direct appeal); *United States v. Rodriguez*, 2013 WL

---

[2] In January 2019, Mr. Steele filed a similar motion concerning his Sixth Amendment allegations.  The court denied the motion without prejudice to refiling and appointed the Federal Public Defendant to represent Mr. Steele in connection with that claim.  The court directed the Federal Public Defender to file a motion on Mr. Steele's behalf or other appropriate pleading no later than February 8, 2019.  Thereafter, the Federal Public Defender notified the court that Mr. Steele intended to withdraw his claim.

594467, at *2 (N.D. Okla. 2013) (denying Rule 41(g) motion where criminal forfeiture order was included in sentence imposed against defendant such that only remedy to challenge the order was through direct appeal).

Those portions of Mr. Steele's Rule 41(g) and discovery motions concerning his Sixth Amendment allegations are retained under advisement pending a ruling by Judge Robinson in the *Black* case. Mr. Steele alleges in conclusory fashion that the government obtained video and audio recordings of communications between Mr. Steele and his lawyer while Mr. Steele was incarcerated by CCA. The government asserts that no video recording was ever obtained and that, while it obtained and produced numerous audio recordings of Mr. Steele and third-parties, there is no evidence that audio recordings of Mr. Stelle and his lawyer exist. The government also asserts that Mr. Steele waived the privilege in any event because he clearly had knowledge that his calls were subject to monitoring. Because some of these issues are inextricably intertwined with and stem from the Black case, the court will wait for Judge Robinson to issue her order in that case so that it may benefit from her in-depth knowledge of the underlying facts surrounding these issues before resolving Mr. Steele's motions. In retaining those issues under advisement, the court expresses no opinion on the merits of any arguments asserted by the parties.

In his petition for writ of audita querela, Mr. Steele continues his efforts to challenge his sentence and the forfeiture order based on changes in case law since Mr. Steele's sentencing. Even assuming that the "ancient common law writ of audita querela" remains available as a form of relief, *see United States v. Spring*, 614 Fed. Appx. 386 (10th Cir. 2015) (calling that assumption a "generous" one), Mr. Steele is clearly not entitled to it. It has long been settled

that a writ of audita querela is "not available to a petitioner when other remedies exist." *See id.* (citing *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002)). Other remedies clearly exist for Mr. Steele to challenge his sentence and he has in fact pursued those remedies under 28 U.S.C. § 2255. The fact that Mr. Steele's efforts were not successful, or that § 2255 significantly restricts successive motions, does not render those avenues inadequate or ineffective. *See id.* Because he has not shown that other avenues of relief are inadequate or ineffective, Mr. Steele has not established that he is entitled to the writ he seeks. *See id.* The motion is denied. *See also Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (although a petitioner may have benefitted from a cite to a Supreme Court decision announced after his § 2255 motion, this is not reason enough to find the original § 2255 motion "inadequate or ineffective").

In his motion for preliminary injunction and/or temporary restraining order, Mr. Steele asks the court to "allow him to receive any and all Legal Documents" needed to prepare for "any pending litigation" involving this case and to order the Bureau of Prisons to open all legal or certified mail in Mr. Steele's presence. Mr. Steele has not identified any actual controversy with the BOP concerning his mail and in the absence of a showing at this juncture that Mr. Steele is entitled to any discovery in this case, any order regarding the BOP's handling of Mr. Steele's mail would be purely advisory. The motion is denied.


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's Motion to Show Cause Under Rule 41(g) for Return of Property (doc. 454) is **denied in part and retained under advisement in part;** his "Petition for Writ of Audita Querela under 28 U.S.C. § 1651 and All Writs Act" (doc. 459) is **denied**; his motion for preliminary injunction and/or restraining

order under Rule 65(b)(1) (doc. 462) is **denied**; and his motion for discovery (doc. 464) is **denied in part and retained under advisement in part**.

    **IT IS SO ORDERED.**

Dated this 13ᵗʰ day of August, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge