# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                     **Criminal Case No. 10-20037-01-JWL**
                                           **Civil Case No:  19-2511-JWL**

**Don Milton Steele,**

    **Defendant.**

## MEMORANDUM & ORDER

In July 2011, a jury convicted defendant Don Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. Ultimately, the court sentenced Mr. Steele to a total term of 300 months imprisonment. This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b).[1] The sentence also included a mandatory consecutive term of 60 months on the firearm charge. The Tenth Circuit affirmed Mr. Steele's conviction and the enhancement of his sentence. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013). The court later denied Mr. Steele's 28 U.S.C. § 2255 motion and the Circuit denied Mr. Steele a certificate of appealability.

---

[1] To trigger the prior-conviction sentencing enhancement, the government filed, prior to trial, an information giving notice of its intent to rely upon the prior conviction, as required by 21 U.S.C. § 851(a).

This matter is now before the court on another motion to vacate under 28 U.S.C. § 2255 filed by Mr. Steele (doc. 468). In the motion, Mr. Steele asserts that he is entitled to submit the petition under § 2255(f)(4) based on the Tenth Circuit's decision in *Madkins v. United States*, 866 F.3d 1136 (10th Cir. 2017). Because the motion is clearly successive, it is subject to authorization under § 2255(h). *See Prost v. Anderson*, 636 F.3d 578, 591 (10th Cir. 2011) (§ 2255(f) does not allow petitioner to evade § 2255(h)'s restrictions; rather, petitioner must meet both subsections' requirements). Mr. Steele has not obtained authorization from the Circuit to file a successive § 2255 motion and, thus, this court has no jurisdiction to resolve it. Moreover, because the petition does not appear to satisfy the authorization standard, it is not in the interests of justice to transfer the petition to the Tenth Circuit. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The court, then, dismisses the motion for lack of jurisdiction. Finally, because it is not debatable that Mr. Steele's petition is a successive § 2255 motion that the court lacks jurisdiction to resolve, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's motion to vacate under 2255 (doc. 468) is **dismissed for lack of jurisdiction** and the court **denies a certificate of appealability.**

**IT IS SO ORDERED.**

Dated this 29th day of August, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge