# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                              Case No. 10-20037-01-JWL

**Don Milton Steele,**

    **Defendant.**

## MEMORANDUM & ORDER

In July 2011, a jury convicted defendant Don Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. Ultimately, the court sentenced Mr. Steele to a total term of 300 months imprisonment. This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b).[1] The sentence also included a mandatory consecutive term of 60 months on the firearm charge. The Tenth Circuit affirmed Mr. Steele's conviction and the enhancement of his sentence. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013). The court later denied Mr. Steele's 28 U.S.C. § 2255 motion and the Circuit denied Mr. Steele a certificate of appealability.

In August 2019, the court retained under advisement portions of two pro se motions filed by Mr. Steele—a Motion to Show Cause Under Rule 41(g) for Return of Property (doc. 454)

---

[1] To trigger the prior-conviction sentencing enhancement, the government filed, prior to trial, an information giving notice of its intent to rely upon the prior conviction, as required by 21 U.S.C. § 851(a).

and a motion for discovery (doc. 464). By way of background, Mr. Steele argued in portions of those motions that his Sixth Amendment right was violated during the time that he was incarcerated at CCA Leavenworth Detention Center. These allegations were facially related to and stemmed from allegations made in a case pending before Judge Robinson of this District. Out of an abundance of caution, the court retained those issues under advisement pending a ruling by Judge Robinson in her case and, in doing so, expressed no opinion on the merits of any arguments asserted by the parties.

Thereafter, Judge Robinson issued an opinion in which she directed the parties to submit to her a list of pending "§ 2255 cases filed pursuant to Standing Rule 18-3 or otherwise raising Sixth Amendment claims related to the *Black* case" so that the Clerk of the Court could then reassign those cases to her. This court then ordered the government to advise the court whether it intended to include this case on its list of pending of cases submitted to Judge Robinson. The government, pursuant to this court's order, has now notified the court that it does not believe that this case should be consolidated with the cases pending before Judge Robinson, in large part because Mr. Steele's motions must be construed as unauthorized successive § 2255 petitions such that the court lacks jurisdiction to resolve them. Thus, the only thing left in this matter is for this court to determine how to handle those portions of Mr. Steele's motions that remain under advisement. In other words, the matter is fully briefed and no additional briefing is required or invited from the parties.

In the meantime, Mr. Steele has filed a motion to stay (doc. 477) in which Mr. Steele asserts his belief that he is being transferred to a new facility. He asks the court to stay this matter until he can notify the court of his new location and obtain his legal papers. The motion

is denied because, as just explained, there is nothing remaining in this case that might require Mr. Steele to access his legal papers or that otherwise warrants a stay in this matter.

Having reviewed the parties' submissions, the court now denies the remaining portions of Mr. Steele's motions. In those motions, Mr. Steele unquestionably seeks to collaterally attack his conviction based on alleged Sixth Amendment violations. The Circuit has held, albeit in an unpublished opinion, that a defendant may not collaterally attack his conviction through a post-conviction Rule 41(g) motion. *See United States v. Penry*, 515 Fed. Appx. 784, 789 (10th Cir. June 3, 2013) (affirming denial of Rule 41(g) motion where defendant sought to collaterally challenge circumstances surrounding search and seizure). Moreover, Mr. Steele is not entitled at this juncture to bring a collateral attack on his conviction under 28 U.S.C. § 2255 because any attempt to do so would constitute an unauthorized successive petition. In other words, the court cannot simply construe the Rule 41(g) motion and related discovery motion as a motion under § 2255 because the court would lack jurisdiction to consider those motions in any event. Thus, if Mr. Steele desires to pursue his Sixth Amendment allegations, he must seek authorization from the Circuit to file a successive § 2255 petition. 28 U.S.C. § 2255(h).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's Motion to Show Cause Under Rule 41(g) for Return of Property (doc. 454) and motion for discovery (doc. 464) are now **denied** in full.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Steele's motion to stay (doc. 477) is **denied.**

**IT IS SO ORDERED.**

Dated this 27th day of September, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge