# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                            Case No. 10-20037-01-JWL

**Don Milton Steele,**

    **Defendant.**

## MEMORANDUM & ORDER

In July 2011, a jury convicted defendant Don Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. Ultimately, the court sentenced Mr. Steele to a total term of 300 months imprisonment. This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b).[1] The sentence also included a mandatory consecutive term of 60 months on the firearm charge. The Tenth Circuit affirmed Mr. Steele's conviction and the enhancement of his sentence. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013). The court later denied Mr. Steele's 28 U.S.C. § 2255 motion and the Circuit denied Mr. Steele a certificate of appealability.

In September 2019, the court denied Mr. Steele's motion to stay this case pending his transfer to a new facility and denied two other motions filed by defendant (a motion for return of

---

[1] To trigger the prior-conviction sentencing enhancement, the government filed, prior to trial, an information giving notice of its intent to rely upon the prior conviction, as required by 21 U.S.C. § 851(a).

properly under Rule 41(g) and a motion for discovery) because they were not the proper procedural vehicles for the relief sought by Mr. Steele—he sought to collaterally attack his conviction based on alleged Sixth Amendment violations. The court also indicated that it could not simply construe and resolve those motions as a § 2255 petition because Mr. Steele had not obtained permission from the Circuit to file a successive petition and, accordingly, the court would lack jurisdiction over those motions in any event. The court then advised Mr. Steele to seek authorization from the Circuit if he desired to pursue his Sixth Amendment allegations. *See* 28 U.S.C. § 2255(h).

This matter is now before the court on Mr. Steele's motion for reconsideration of the court's memorandum and order (doc. 483).[2] The motion is denied. In the motion, Mr. Steele asserts that his Rule 42(g) motion and the related motion for discovery cannot be construed as a "successive" § 2255 petition because the motions are based on new evidence that did not exist at the time he filed his initial § 2255 petition. Regardless of the basis for the motions, they are still successive because Mr. Steele has already filed a § 2255 petition. To the extent Mr. Steele contends that his motions are based on new evidence, that issue goes only to whether Mr. Steele can satisfy the requirements for authorization, not whether the petition is considered "successive." *See United States v. McKye*, 947 F.3d 1293, 1296 (10th Cir. 2020). He also asks the court to reassign his Rule 41(g) motion and his motion for discovery to Judge Robinson of this District, who is handling all § 2255 cases in this District raising Sixth Amendment

---

[2] The government asserts that the motion should be denied as untimely. Because the record reflects that Mr. Steele may have been transferred recently and may not have received the court's memorandum and order promptly, the court finds that excusable neglect exists for Mr. Steele's delay in filing the motion.

challenges similar to those alleged by Mr. Steele. But Judge Robinson would have no jurisdiction over those motions in any event because Mr. Steele has not obtained authorization to file a § 2255 petition to assert the claims he wants to pursue. And, to be clear, a § 2255 petition is the only procedural vehicle through which Mr. Steele may advance those claims. *See United States v. Thody*, 460 Fed. Appx. 776, 779 (10th Cir. 2012) (§ 2255 petition is the proper vehicle for relief when a claimant seeks to collaterally attack his conviction). The motion for reconsideration, then, is denied.[3]

The court also declines to issue a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could

---

[3] Mr. Steele also contends that the court never resolved another § 2255(f)(4) petition (doc. 468-1) that he filed as an attachment to yet another § 2255 petition (doc. 468) that the court dismissed for lack of jurisdiction (doc. 470). That issue, of course, is not related in any respect to the court's September 27, 2019 memorandum and order. Nonetheless, the argument is rejected because the petition was never filed as a separate petition. And regardless, the court's rulings have made clear that it lacks jurisdiction to resolve any § 2255 petitions filed by Mr. Steele.

not debate the court's decision to deny Mr. Steele's motion for reconsideration of the court's prior order denying Mr. Steele's Rule 41(g) motion and his motion for discovery.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's motion for reconsideration of the court's September 27, 2019 memorandum and order (doc. 483) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 4th day of March, 2020, at Kansas City, Kansas.

s/John W. Lungstrum
John W. Lungstrum
United States District Judge