# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                        Case No. 10-20037-01-JWL

**Don Milton Steele,**

      **Defendant.**

## **MEMORANDUM & ORDER**

In July 2011, a jury convicted defendant Don Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. Ultimately, the court sentenced Mr. Steele to a total term of 300 months imprisonment. This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b).[1] The sentence also included a mandatory consecutive term of 60 months on the firearm charge. The Tenth Circuit affirmed Mr. Steele's conviction and the enhancement of his sentence. *United States v. Dyke*, 718 F.3d 1282 (10th Cir. 2013).

This matter is presently before the court on Mr. Steele's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. #495). Mr. Steele has not indicated that he has satisfied the statute's exhaustion requirement. *See id.* (defendant may bring a motion after

---

[1] To trigger the prior-conviction sentencing enhancement, the government filed, prior to trial, an information giving notice of its intent to rely upon the prior conviction, as required by 21 U.S.C. § 851(a).

he has exhausted administrative appeals of the BOP's failure to bring a motion on defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden, whichever is earlier).  Instead, Mr. Steele includes in his motion a request directed to the BOP to file a petition on his behalf.  But there is no indication that Mr. Steele tendered that request directly to the BOP and the BOP does not receive court filings as a matter of course.  In other words, Mr. Steele's request does not satisfy the exhaustion requirement.  Accordingly, the motion is dismissed for lack of jurisdiction, without prejudice to the filing of another motion once Mr. Steele has satisfied the exhaustion requirement.[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's motion for compassionate release (doc. #495) is hereby dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*  _____
John W. Lungstrum
United States District Judge

---

[2] Mr. Steele's deadline to file a reply to the government's response to his motion was May 20, 2020. On May 19, 2020, the Office of the Federal Public Defender, who does not represent Mr. Steele, notified the court that Mr. Steele had contacted that office to advise that he intended to file a reply as soon as possible.  The court, then, waited almost three more weeks with no reply filed by Mr. Steele.  In any event, there is no prejudice to Mr. Steele, as he may simply refile his motion once he has exhausted his administrative remedies.