IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                            Case No. 10-20037-01-JWL

**Donald Milton Steele,**

      **Defendant.**

## MEMORANDUM & ORDER

In July 2011, a jury convicted defendant Don Steele of numerous drug, forgery and counterfeiting charges as well as possessing a firearm in furtherance of a drug trafficking crime. Ultimately, the court sentenced Mr. Steele to a total term of 300 months imprisonment followed by a 120-month term of supervised release. This sentence included two concurrent mandatory minimum terms of 20 years which the court imposed after finding that Mr. Steele had a qualifying prior felony drug conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b). The sentence also included a mandatory consecutive term of 60 months on the firearm charge.

In July 2021, the court granted Mr. Steele's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and reduced Mr. Steele's sentence to time served based on a combination of factors unique to Mr. Steele, including changes in the sentencing laws and specific health concerns. Mr. Steele began his term of supervision on July 2, 2021. This matter is now before the court on Mr. Steele's motion for early termination of his supervision (doc. 524). The government opposes the motion and the probation office declined to state a position

on the motion in light of the length of time remaining on the term of supervision. As will be explained, the motion is denied without prejudice to filing another motion if additional circumstances warrant a re-examination of the issue.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). In support of his motion, Mr. Steele asserts that he is in good standing with the Probation Office; that he has been compliant with all conditions of supervision; that he has not tested positive for any illegal substances; that he has maintained a stable residence and employment; and that he has demonstrated a willingness and capability to remain a valuable, law-abiding member of the community.

The government opposes the motion primarily because Mr. Steele has completed less than two years of his ten-year term of supervision. The government asserts that Mr. Steele is "on the right path" toward proving that he has successfully reintegrated as a law-abiding, valuable member of the community but that additional time is warranted to accurately ascertain whether Mr. Steele's reintegration is complete.

Less than two weeks after receiving the government's response to the motion, the court received a communication from Mr. Steele's probation officer advising the court that Mr. Steele self-reported that he was arrested on April 16, 2023 for Driving Under the Influence. The probation officer has expressed her intent to submit a Form 12A detailing that conduct as soon as she receives the police report.

While the court was inclined to deny the motion pending additional time on supervision before it received the update from the Probation Office, Mr. Steele's recent conduct is sufficient to convince the court Mr. Steele will benefit from continued supervision and that early termination is not yet warranted. Mr. Steele may file another motion in the future if additional circumstances warrant a re-examination of the issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Steele's motion for early termination of supervised release (doc. 524) is **denied.**

**IT IS SO ORDERED.**

Dated this 26th day of April, 2023, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge